IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cv-33-MEF |
| | ) | (WO) |
| PAYLESS SHOESOURCE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CORRECTED MEMORANDUM OPINION AND ORDER**

Because of a typographical error relating to footnote numbers in the Memorandum Opinion and Order (Doc. # 73) entered on May 23, 2006, the court will on this date enter a corrected version of the Memorandum Opinion and Order. This Corrected Memorandum Opinion and Order makes no substantive changes and is not intended to alter the official date of the Court's action. It is merely being entered to correct the typographical error and make the footnote numbers visible in the text.

In this action, Plaintiff Brenda Tyler (hereinafter "Tyler") brings suit against her former employer, Payless Shoesource, Inc. (hereinafter "Payless") for alleged violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §201, *et. seq*. Specifically, Tyler alleges that she is owed overtime pay for hours worked beyond the maximum workweek. This cause is presently before the Court on Defendant's Motion for Summary Judgment (Doc. # 49) filed on December 16, 2005. The Court has carefully considered the arguments in support of and in opposition to the motion and finds that the motion is due to

be GRANTED.

## I. Jurisdiction and Venue

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 29 U.S.C. § 201, *et. seq.* (FLSA). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations of each.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party

to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333 F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted)).

3

### III. Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion. The submissions of the parties establish the following facts.

Tyler began working at Payless in 1989 as a temporary employee and was eventually promoted to Store Manager of the Prattville store in April 1993. She later became Store Manager of the Montgomery store (store number 3127), which was her position during all times relevant to the present action. She worked a total of 130 weeks as a Store Manager. Her employment with Payless ended on June 26, 2004.

During Tyler's time as Store Manager, her salary ranged from $613 per week (in 2002) to $656 per week (in 2004). She had numerous managerial duties, including selecting and training employees; supervision and discipline of subordinate employees; and ensuring compliance with company policies and procedures. She averaged three or four employees on her store's payroll each week and always had at least two or more employees on her payroll each week.

### IV. Discussion

The FLSA requires employers to pay employees overtime for hours worked beyond the 40-hour maximum workweek, 29 U.S.C. § 207(a)(1), but exempts "any employee in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1). The statute does not describe the requirements for the executive exemption, but United States Department of Labor (hereinafter "DOL") regulations establish the test for determining when the exception

4

applies. According to 29 C.F.R. § 541.1(f), the exception applies if (1) the employee's salary is not less than $250 per week; (2) the employee's primary duty consists of management; and (3) the employee's work includes the "customary and regular" direction of the work of two or more other employees.[1]  Tyler does not dispute that her salary was greater that $250 per week and that her primary duty consisted of management responsibilities, but argues that there were eight weeks during which she did not direct the work of two or more other employees as required by the regulation. She asserts that she is due overtime pay for six of those eight weeks.[2]

29 C.F.R. § 541.105(a) states that an employee will qualify for the executive exemption if she "customarily and regularly supervises at least two full-time employees or the equivalent." Two or more full-time employees or the equivalent generally means any combination of part-time employees collectively working at least 80 hours per week. *Murray v. Stuckey's, Inc.*, 50 F.3d 564, 568-69 (8th Cir. 1995)(quoting Paragraph 22c00 of the Wage and Hour Division, U.S. Department of Labor, *Field Operations Handbook).*[3]  It is undisputed that during eight of the 130 weeks Tyler was a Store Manager she supervised less than 80 work hours, and that during six of those weeks she worked more than 40 hours.

---

[1] This regulation was recently amended, but was applicable during all time periods relevant to Tyler's claims.

[2] During two of those weeks, she did not work more than 40 hours per week.

[3] Though the Field Operations Handbook is not legally binding on this Court, the Court will assume for the sake of evaluating the motion for summary judgment that 80 work hours is the standard.

Tyler argues that therefore she is owed overtime pay for the time she worked in excess of 40 hours during those six weeks. Payless, on the other hand, argues that the fact that Tyler supervised 80 or more work hours for 122 of the 130 weeks she was a Store Manager constitutes "customary and regular" supervision, and that therefore Tyler is not owed any overtime pay.

29 C.F.R. § 541.107(b) defines "customarily and regularly" to mean "a frequency which must be greater than occasional, but which, of course, may be less than constant." Here, Tyler directed at least two employees, totaling 80 or more work hours, during 122 out of 130 weeks she was a Store Manager, which is equal to 93.85% of the time. While courts have disagreed as to what constitutes "customarily and regularly,"it is clear that 93.85% is sufficient to meet that standard. For instance, in *Haines v. Southern Retailers, Inc.*, 939 F. Supp. 441 (E.D. Va. 1996), which is factually almost identical to the present case, the plaintiff claimed that she did not qualify for the executive exemption because during eight weeks of her tenure, the store that she managed was staffed by only one full-time employee. However, during the remainder of her three-year employment, she supervised at least two full-time employees. The court held that this met the "regularly and customarily" requirement. *Id.* at 446. *See also Murray*, 50 F.3d at 568 (holding that supervision of two or more employees who worked 80 hours per week 98.2% of the time was "'customarily and regularly' by any definition"); *Perez v. RadioShack Corp.*, No. 02 C 7884, 2005 WL 2897378 at *8 (N.D. Ill. Nov. 1, 2005)(holding that an 80% standard is appropriate in evaluating the

6

"regularly and customarily" standard); *Kastor v. Sam's Wholesale Club*, 131 F. Supp. 2d 862, 869 (N.D. Tex. 2001)(holding that an employee who directed the work of other employees 70-75% of the time met the "regularly and customarily" standard). Thus, the Court holds that Tyler spent enough of her time supervising at least two full-time employees to fall within the executive exemption. Therefore, she is not owed any overtime pay.

## V. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment (Doc. #49) is due to be and is hereby GRANTED.

A separate final judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 4th day of August, 2006.

                              /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE